*Eastern Dist.*
*February*, 1840.

QUARTREVEAUX
*vs.*
CABOCHE.

considered as forming an ordinary or particular partnership.

Particular partnerships are joint, and the obligations of the firm bind the partners *jointly* only, who must be all sued together, and service of citation made on each and every partner.

---

QUARTRÉVEAUX *vs.* CABOCHE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action of slander, for calling the plaintiff " *a thief*," &c. the defendant cannot offer the declarations of the plaintiff's father in evidence, reproaching the son with having committed a crime.

The declarations of the father, reproaching his son with misconduct cannot be given in evidence against him in an action against a third person for slander. Nothing the father may have said can assist the defendant in establishing his charge. It is hearsay evidence, and the father could not be heard if he were offered as a witness.

EASTERN DIST.
*February,* 1840.

QUARTREVEAUX
*vs.*
CABOCHE.

Where damages are complained of as excessive, the assessment of them are considered so peculiarly the province of the jury, that the verdict will not be disturbed, without evident grounds.

This is an action of slander in which the plaintiff alleges, the defendant, with the malicious intention to defame and slander him, falsely, maliciously and publicly stated on the 11th February, 1838, and at several other times, that he (meaning petitioner,) was "a thief, and had stolen a watch and books." He lays his damages at ten thousand dollars, and prays for a trial by jury.

The defendant pleaded the general issue, and set up various matters in justification of his charges, by way of defence.

On the trial, the plaintiff proved the slanderous charges, and the defendant attempted to sustain his defence. The material questions of law raised in the trial are stated in the following opinion made by this court.

The cause was submitted to a jury, who returned a verdict of fifteen hundred dollars in damages for the plaintiff. From judgment rendered thereon the defendant appealed.

*Roselius,* for the plaintiff.

*Canon,* for the defendant.

*Martin, J.,* delivered the opinion of the court.

This is an action of slander and assault and battery. The general issue and justification are pleaded. There was a verdict and judgment against the defendant, and he appealed.

Our attention has been drawn to several bills of exception taken by the defendant's counsel on the trial.

1. To the refusal of the judge to permit the defendant to ask a witness, "if he had not heard the plaintiff's father reproach him for compelling them to leave France on account of some crime he (the plaintiff) had committed."

2. In refusing to admit proof that the plaintiff's father had said, "that he was glad the witness lived near him, as he feared his son (meaning plaintiff) would make an attempt on his life."

3. And to the refusal of the judge to instruct the jury and the counsel of the plaintiff, that the latter, in his closing argument, ought to confine himself to the testimony, because defendant's counsel had no means of reply.

It does not appear to us that the court erred. The words charged in the petition, as spoken by the defendant, are, that the plaintiff was "a thief, and had stolen a watch and books." Nothing that the plaintiff's father may have said, can assist the defendant in establishing the charge which he made against the plaintiff. It is but hearsay evidence; and the person whose declarations were offered to be proved, could not be heard as a witness against his son. As to the third bill of exception, it is not the duty of the court to inform the jury of the manner in which the counsel is to proceed. A party may, indeed, require a proper charge from the court to the jury, and except to his refusal. But we do not know that a bill of exception lies to the refusal of the court to tell the counsel that he must confine himself in his argument to the testimony, as the defendant's counsel had no means of reply. We presume that the court will always restrain the counsel if he attempts to travel out of the testimony.

On the merits, it does not appear to us that the verdict ought to be disturbed. The refusal of the judge to grant a new trial, is evidence to us that he was satisfied with the decision of the jury.

The damages have been complained of as excessive; but the assessment of them is the peculiar province of the jury, and the case does not seem to require our interference in this respect.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
February, 1840.

QUARTREVEAUX
vs.
CABOCHE.

In an action of slander, for calling the plaintiff "a thief," &c., the defendant cannot offer the declarations of the plaintiff's father in evidence, reproaching the son with having committed a crime.